# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ANDREW J. HILLIARD, <br> # 93387, <br><br>         Plaintiff, <br><br> vs. <br><br> JOHN LAKIN, <br> COLLINSVILLE POLICE, <br> MARK VON NIDA, <br> TOM S. HILLARD, <br> ILLINOIS STATE POLICE, <br> FOOD and DRUG ADMINISTRATION, <br> DEPARTMENT of the ARMY, <br> DEPARTMENT of VETERANS AFFAIRS, <br> SHERIFF'S DEPARTMENT, <br> POLICE DEPARTMENT, <br> DEPARTMENT of JUSTICE, <br> HOUSE and SENATE ARMED SERVICES <br>       COMMITTEES, <br> and DEPARTMENT of STATE, <br><br>         Defendants. | Case No. 18-cv-1045-MJR |

## MEMORANDUM AND ORDER

**REAGAN, Chief District Judge:**

This matter is before the Court for case management. After mail sent to Plaintiff at his address of record (the Madison County Jail) was returned as undeliverable, the Court ordered Plaintiff to provide the Court with his current address no later than June 13, 2018. (Doc. 7). That order also was returned to the Clerk as undeliverable. (Doc. 8). Plaintiff has failed to respond, and has sent no communication to the Court since this action was filed on May 2, 2018. This case is thus subject to dismissal for failure to prosecute.

**IT IS HEREBY ORDERED** that this action is **DISMISSED with prejudice** for failure

1

to prosecute. FED. R. CIV. P. 41(b); *see generally James v. McDonald's Corp.*, 417 F.3d 672, 681 (7th Cir. 2005); *Ladien v. Astrachan,* 128 F.3d 1051 (7th Cir. 1997); *Lucien v. Breweur*, 9 F.3d 26, 29 (7th Cir. 1993) (dismissal for failure to prosecute is presumptively with prejudice).

The Clerk is **DIRECTED** to **CLOSE THIS CASE** and enter judgment accordingly. All pending motions are **DENIED AS MOOT.**

This dismissal shall not count as one of Plaintiff's three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).

Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $400.00[1] remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, his notice of appeal must be filed with this Court within 60 days of the entry of judgment. FED. R. APP. P. 4(a)(1)(B). A motion for leave to appeal *in forma pauperis* must set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C). If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur a "strike." *See* 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 60-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be

---

[1] Plaintiff's motion for leave to proceed *in forma pauperis* ("IFP") has not been granted, as he never submitted the required prisoner trust fund account records as ordered in Doc. 5. If he were granted IFP status, the amount of his filing fee would be reduced to $350.00. A litigant who is granted IFP status is not assessed the $50.00 administrative fee for filing an action in a district court. *See* Judical Conference Schedule of Fees - District Court Miscellaneous Fee Schedule, 28 U.S.C. § 1914, No. 14.

filed no more than twenty-eight (28) days after the entry of the judgment, and this 28-day deadline cannot be extended.

**IT IS SO ORDERED.**

**DATED: June 22, 2018**

s/ MICHAEL J. REAGAN
Chief Judge
United States District Court